Case 1:07-cv-11182-RGS   Document 5-2   Filed 02/21/2008   Page 1 of 11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY R. SMITH,<br>    Plaintiff<br><br>v.<br><br>GOLDEN ARCH ENTERPRISES, LLC,<br>    Defendant | CASE NO.: 1:07-cv-11182-RGS |

## CONSENT DECREE

IT IS HEREBY stipulated and agreed by and between the plaintiff, Jeffrey R. Smith and the defendant, Golden Arch Enterprises, LLC (referred to hereinafter as the "defendant") and ordered by the Court as follows:

WITNESSETH:

WHEREAS, the parties to this Consent Decree are Jeffrey R. Smith of East Wareham, Massachusetts and Golden Arch Enterprises, LLC of Swansea, Massachusetts.

WHEREAS, the plaintiff filed this action against the defendant for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., pursuant to which the plaintiff sought a permanent mandatory injunction, damages and attorneys' and expert's fees, expenses and costs;

WHEREAS, the defendant's property is a place of public accommodation as defined in the ADA at 42 U.S.C. § 12181(7) and in its implementing regulation at 28 C.F.R. § 36.104.

WHEREAS, Title III of the ADA requires places of public accommodation in existence on January 26, 1992, to remove architectural barriers to access where such removal is readily achievable, i.e., easily accomplishable and able to be carried out

without much difficulty or expense. 42 U.S.C. §12182 (b) (2) (A) (IV), and 28 C.F.R. § 36.304. Title III requires that additions or alterations made to places of public accommodation after January 26, 1992, be readily accessible to and usable by people with disabilities to the maximum extent feasible in accordance with the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), 42 U.S.C. 12183 (a) (2) and 28 C.F.R. §§36.402 and 36.406;

WHEREAS, the parties have agreed to a settlement of this action;

WHEREAS, the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

WHEREAS, the pending litigation involves claims contested by the defendant and defenses contested by the plaintiff; and

WHEREAS, the parties now desire permanently and fully to settle, resolve and conclude the litigation and all disputes, claims and defenses which were or could have been included in the litigation without the burdens and expenses of further litigation and trial;

WHEREAS, the parties have conferred in good faith and agree that the pending litigation should be settled without the need for trial; and

WHEREAS, the defendant specifically denies the plaintiff's allegations in this action and the parties acknowledge and agree that this Consent Decree is not intended to be, and shall not be construed or represented to be, evidence of, or an admission of liability, on the part of the defendant on any claim in the litigation.

NOW THEREFORE, in consideration of the promises hereinbefore set forth, and the mutual and reciprocal covenants and agreements herein provided, and other good and

34037132v1 878997

valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, it is AGREED by the parties and ORDERED by the Court as follows:

1. The defendant hereby represents to the plaintiff that it has made the alterations or improvements specified below or that the defendant shall cause the following alterations and improvements to be made to the property which is the subject of this action, commonly known as MacDonald's, 631 Grand Army Highway, Swansea, Massachusetts (referred to hereinafter as the "facility" or the "property").

2. If the defendant has not already made the alterations or improvements specified below, it shall complete all such alterations or improvements within eighteen(18)) months of the entry of this Consent Decree as an order of the Court.

A.   **ACCESSIBLE ROUTE FROM PARKING**

1. The defendant shall reconstruct the curb ramp that connects accessible parking spaces with the sidewalk leading to the accessible entrance of the property such that it will have a slope of between 1:10 and 1:12 for a maximum rise of 6 inches in accordance with Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities (hereinafter "ADAAG") 4.1.6(3)(a)(i).

2. The defendant also shall reconstruct the aforementioned curb ramp such that the side flare slope of the curb ramp will be 1:10 or 10% in accordance with ADAAG 4.7.5.

3. The defendant shall reconstruct the sidewalk between the curb ramp and the accessible entrance to the property so that it has a maximum running slope of 1:20 or 5% and a maximum cross slope of 1:50 or 2% as per ADAAG 4.3.7. In the alternative, the defendant shall install handrails on the segment of the sidewalk where the running slope exceeds 1:20 or 5% in accordance with ADAAG 4.8.5.

**B.   ENTRANCE**

1. The defendant shall adjust the sweep period of the closers of the front and side doors so that from an open position of 70 degrees, the doors will take at least 3 seconds to move to a point 3 inches from the latch, measured to the leading edge of the door as per ADAAG 4.13.10.

2. The defendant shall install signage identifying the accessible entrance as per ADAAG 4.1.2(7)(c).

3. At any and all inaccessible entrances, the defendant shall install signage to indicate the route to the nearest accessible entrance as per ADAAG 4.1.2(7)(c).

**C.   SELF-SERVICE ITEMS**

1. The defendant shall lower the maximum side high reach to the lid holder and straw dispenser to 54 inches above the finish floor as per ADAAG 4.2.6 and Figure 54 of the ADAAG.

2. The defendant shall lower the forward reach range height to the straw and napkin dispensers to 48 inches above the finish floor as per ADAAG 4.2.5 and Figure 54 of the ADAAG.

3. The defendant shall lower (or remount) the drink station tray slides to 34 inches above the finish floor as per ADAAG 5.5 and Figure 53 of the ADAAG.

4. The defendant shall install Braille/picture menu signage as per ADAAG 4.30.

**D.   SEATING**

1. As per ADAAG 5.1, the defendant shall cause at least 5% of the interior fixed tables to have knee spaces at least 27 inches high, 30 inches wide, and 19 inches deep as required by ADAAG 4.32.3.

34037132v1 878997

Case 1:07-cv-11182-RGS    Document 5-2    Filed 02/21/2008    Page 5 of 11

2.   As per ADAAG 5.1, the defendant shall cause at least one of the exterior fixed tables to have knee spaces at least 27 inches high, 30 inches wide, and 19 inches deep as required by ADAAG 4.32.3.

F.   **RESTROOMS**

1.   The defendant shall install skirts on the wall-mounted hand dryers in the restrooms so that they do not protrude more than 4 inches into the path of travel as per ADAAG 4.4.1.

2.   The defendant shall increase the maneuvering clearance on the pull side of the men's restroom door to a minimum of 24 inches in accordance with ADAAG 4.13.6 and Figure 25 of the ADAAG.

3.   The defendant shall relocate the toilet in the men's restroom so that the distance from the centerline to the adjacent wall or partition is 18 inches as per ADAAG 4.16.2 and Figure 28 of the ADAAG.

4.

5.   The defendant shall insulate the pipes under the sink in the men's restroom as required by ADAAG 4.24.6.

6.   The defendant shall re-install the toilet paper dispenser in the men's restroom within reach as shown in Figure 29(b) of the ADAAG.

7.   The defendant shall increase the maneuvering clearance on the push side of the women's restroom door to a minimum of 12 inches in accordance with ADAAG 4.13.6 and Figure 25 of the ADAAG.

8.   The defendant shall re-set the toilet in the women's restroom to provide a maximum 19-inch seat height as required by ADAAG 4.16.3.

34037132v1 878997

9. The defendant shall insulate the pipes under the sink in the women's restroom as required by ADAAG 4.24.6.

### G. MISCELLANEOUS SETTLEMENT TERMS

1. The parties agree that time is of the essence in all respects regarding this Consent Decree. Therefore, the defendant shall make reasonable efforts to complete the alterations and modifications required under this Consent Decree within the eighteen-month time period specified above, provided that the defendant may extend the period for additional time, if needed, with the plaintiff's assent to the additional time requested. The plaintiff shall not unreasonably withhold his assent and stipulation.

2. The defendant shall take all necessary steps to obtain the appropriate permits from the Town of Swansea in time to complete all work required by this Consent Decree within the time periods specified above.

3. The parties agree that all alterations and modifications referenced herein shall be made to the maximum extent feasible and to the extent readily achievable.

4. The parties are unable to ascertain with specificity the value of damages that the plaintiff will incur in the event the defendant breaches the terms of this Consent Decree. Accordingly, the parties agree that in the event that the alterations and modifications required hereby are not timely completed in all respects, the plaintiff shall have the right to petition the Court for payment by the defendant of liquidated damages in the amount not to exceed $150.00 per day for every day that any deadline is not met and until the required alterations and modifications are completed. Prior to bringing any such Court action the parties shall first meet and attempt in good faith to resolve any dispute. The appropriate amount, if any, to be awarded will be determined by the parties or by the

Court in relation to the severity of the defendant's non-compliance and breach. The plaintiff shall be entitled to an award of those liquidated damages and to obtain injunctive relief from the Court to compel compliance with the terms of this Consent Decree. Additionally, in the event the modifications and alterations are not completed by within the times specified hereunder, the defendant shall pay reasonable additional attorneys' and expert's fees and costs incurred by the plaintiff subsequent to the execution and docket entry of this Consent Decree.

5.   The Defendant shall provide status reports every 90 days until the compliance work is completed. The Defendant shall provide a compliance certificate from the contractor of record, which will certify that the work was performed in accordance with the applicable ADAAG.

6.   The parties agree that the toilet stall in the men's restroom depicted in Figure 30 (a) of the ADAAG is not readily achievable and waives such compliance for this item.

7.   If the plaintiff believes that this Consent Decree or any portion of it has been violated, he may seek contempt sanctions in the United States District Court for the District of Massachusetts only after undertaking the informal dispute resolution procedure described in Paragraph 4 above.

8.   A failure by the plaintiff to enforce any term of this Consent Decree shall not be construed as a waiver of his right to enforce any other portion of this Consent Decree.

9.   The parties' settlement of the plaintiff's claims for attorneys' fees, and costs shall be the subject of a Separate Letter Agreement and shall remain confidential. Within ten (10) days of the entry of this Consent Decree on the Court's docket as an Order of the Court, the defendant shall pay plaintiff's counsel, Nicholas S. Guerrera, for all reasonable

34037132v1 878997

and agreed upon attorneys' fees, litigation expenses and costs incurred by the plaintiff in this matter. The amounts to be paid shall be established by counsel for the parties by Separate Letter Agreement. The Separate Letter Agreement shall not be disclosed to anyone other than the attorneys, financial advisors and accountants of the parties to this Consent Decree, except by express written consent of the parties to this Consent Decree or as required by law, as required to enforce the terms of this Consent Decree or pursuant to an order of any Court.

10. The parties further acknowledge, represent, covenant and warrant that this Consent Decree constitutes the entire agreement of the parties and may not be modified, amended, annulled, rescinded or otherwise changed unless in writing signed by authorized representatives of the plaintiff and the defendant, which expressly refers to this Consent Decree.

11. The parties shall confirm in writing all agreed upon extensions of deadlines for completion of work required hereunder; the Court need not endorse such extensions of time.

12. The plaintiff acknowledges, represents, covenants and warrants that he has not made any assignment of any right, claim, or cause of action covered by this release to any individual, corporation, or any other legal entity whatsoever.

13. In consideration of the Separate Letter Agreement referenced in Paragraph 9 and in consideration of the actions undertaken or to be undertaken by the defendant under the terms of this Consent Decree, the plaintiff, his, employees, agents, attorneys, partners, principals, subsidiaries, affiliates, predecessors, successors, heirs, and assigns, hereby releases and forever discharges the defendant, jointly and severally, its past, present and

future officers, directors, trustees, beneficiaries, employees, agents, attorneys, partners, principals, subsidiaries, affiliates, divisions, parents, predecessors, successors, heirs and assigns, from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, executions, claims and demands whatsoever, in law or equity, whether known or unknown, foreseen or unforeseen, that the plaintiff has ever had, or hereafter can, shall, or may have, against the defendant, including claims under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. from the beginning of the world to the date of this Consent Decree.

14.     The parties understand and agree that the release and discharge language in Paragraph 13 above does not apply to any alleged breaches of this Consent Decree.

15.     The parties stipulate and represent that they have the power and authority to execute and deliver this Consent Decree and to perform its obligations hereunder.

16.     The effective date of this Consent Decree shall be the date of the Court's endorsement below.

17.     Within five (5) days of the effective date of this Consent Decree, the parties agree to file a joint notice indicating that the matter has been settled and requesting that the matter be dismissed, with prejudice, subject to the Court's retention of jurisdiction for the sole purpose of enforcing this Consent Decree.

18.     This Consent Decree may be executed by each party in separate counterparts, each of which shall be deemed an original and constitute one document; faxed signatures shall be valid and acceptable.

19. The parties further acknowledge, represent, covenant and warrant that the obligations imposed by this Consent Decree shall be forever binding, and that this Consent Decree may not be modified, amended, annulled, rescinded or otherwise changed unless in writing signed by authorized representatives of the plaintiffs and the defendant, which expressly refers to this Consent Decree. The Court must endorse all substantive changes to this Consent Decree.

_____    2/19/08
Jeffrey R. Smith, Plaintiff
Dated:


_____
Golden Arch Enterprises, LLC,
By its Authorized Agent and Representative
Dated:


So Ordered by the Court:

_____
Richard G. Stearns
District Judge, United States District Court for
The District of Massachusetts
Dated:  1-25-08.

10                                                              34037132v1 878997

19. The parties further acknowledge, represent, covenant and warrant that the obligations imposed by this Consent Decree shall be forever binding, and that this Consent Decree may not be modified, amended, annulled, rescinded or otherwise changed unless in writing signed by authorized representatives of the plaintiffs and the defendant, which expressly refers to this Consent Decree. The Court must endorse all substantive changes to this Consent Decree.

_____
Jeffrey R. Smith, Plaintiff
Dated:

_____
Golden Arch Enterprises, LLC,
By its Authorized Agent and Representative
Dated: 2/20/08

So Ordered by the Court:

_____
District Judge, United States District Court for
The District of Massachusetts
Dated: 1-25-08

34037132v1 878997